**Edward PIRROTTA, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 347, WILLMAR, Respondent.**

**No. C9–85–1490.**

Court of Appeals of Minnesota.

Feb. 4, 1986.
Review Granted April 11, 1986.

Donald W. Selzer, Jr., St. Paul, for relator.

Patricia A. Maloney, St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The Willmar School District placed Edward Pirrotta on unrequested leave of absence after this court overturned the district's decision to place Dale Ruter on unrequested leave. Dale Ruter has approximately one year of seniority over Pirrotta, and we stated that a less senior teacher should be placed on unrequested leave of absence instead of Ruter. After a hearing,

Pirrotta was placed on unrequested leave of absence. He appeals. We affirm.

## FACTS

Dale Ruter has been employed by the Willmar Area Vocational Technical Institute (A.V.T.I.) since 1971. Relator Edward Pirrotta has been employed by the A.V.T.I. since 1972. Relator is licensed to teach carpentry and has taught carpentry since the time he was first employed. Ruter became licensed to teach carpentry in September 1982. From the time he was hired until 1983, Ruter was employed as a technical tutor.

At the end of the 1982–83 school year, the Willmar School District decided to discontinue the technical tutor position because of an adverse financial situation. The district placed Ruter on unrequested leave of absence. Ruter requested a hearing, but the hearing examiner affirmed the school district's decision. Ruter's appeal to the district court was unsuccessful and he appealed further to this court. We reversed the district court's decision and ruled that since Ruter was licensed to teach carpentry and since he had been employed by the A.V.T.I. longer than one of those teaching carpentry, namely Edward Pirrotta, Ruter had to be given a job teaching carpentry. *See Ruter v. Independent School District No. 347,* 364 N.W.2d 823, 826 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. June 14, 1985).

After this court determined that Ruter was improperly placed on leave, the school district decided that relator, the carpentry teacher who was hired after Ruter, should be placed on unrequested leave of absence. The school district still had a shortage of funds and had only two carpentry positions. An individual hired before both Ruter and relator holds one of the positions. After the school district's decision, relator requested a hearing. The hearing officer, relying upon the circumstances of the school district and the *Ruter* decision, determined that relator was properly released. This appeal followed.

## ISSUE

Is the relator collaterally estopped from asserting that he has seniority over Dale Ruter?

## ANALYSIS

 Under the doctrine of collateral estoppel, a former verdict will bar the relitigation of issues determined in a previous lawsuit between the same parties or their privies. *Miller v. Northwestern National Insurance Co.*, 354 N.W.2d 58, 61 (Minn. Ct.App.1984). When considering the equities for and against application of the doctrine of collateral estoppel, assessment of privity of a party to those in an earlier suit is effectively merged with considerations whether a present party's interest was sufficiently represented in the first action. *Id.*

The relator in this case was not a party to the *Ruter* case. In *Ruter,* however, the school district attempted to release Ruter and retain relator in his position as carpentry instructor. When Dale Ruter appealed the district's decision to this court, the school district argued that Ruter did not have seniority over others licensed to teach carpentry. That this court determined Ruter had seniority over others does not mean that the school district failed to adequately represent the interests of Edward Pirrotta. Relator's arguments here reassert the proposition that he has seniority over Ruter. The mandate for a school district to reinstate teachers may necessarily have an adverse affect upon some of the district's employees, but it is not lawful to relitigate issues previously determined when prior decisions have that effect.

## DECISION

The relator is collaterally estopped from relitigating the issue of seniority. That issue was determined in the *Ruter* case, and that decision must be allowed to stand. The doctrine of collateral estoppel is applied to relator notwithstanding the fact that relator was not a party to the original lawsuit because his interests were adequately represented in the initial lawsuit.

Affirmed.